JiSCHOTT, Chief Judge.
On the application of Liberty Mutual Insurance Company we grant certiorari in order to consider the validity of the trial court’s denial of relator’s motion for summary judgment. The issue is whether a plaintiff who has no cause of action in tort against his co-employee because his exclusive remedy is in worker’s compensation may nevertheless have a cause of action against the co-employee’s personal automobile liability insurer. As a matter of law he does not have such a cause of action. The trial court erred in denying the motion for summary judgment, and we reverse that judgment and grant relator’s motion.
This case arose out of the same accident as gave rise to Leflore v. Cobum, 665 So.2d 1323 (La.App. 4 Cir.1995). As can be seen from that case, Leflore was a guest passenger in an automobile driven by Becker. They were both in the course and scope of their employment by Jaeger when the accident happened and Jaeger was the owner of the automobile.
Leflore’s suit against Becker was dismissed but his personal insurer, relator, remains a defendant. Relator’s motion for summary judgment is based upon the position that where there is an absence of a cause of action against Becker there is no liability on the part of his personal insurer.
This position is eminently correct. That is precisely what this court held |⅛⅛ Leflore at page 1334. Leflore’s argument that the Direct Action Statute, R.S. 22:655 dictates a different result is without merit. Paragraph (D) of the statute provides that the purpose of the statute is to give protection to an insured for any legal liability he may have. This purpose would hardly be served by making the insurer liable for damages for which its insured is not legally liable.
This is the kind of case the legislature contemplated with the passage of Act 9 of the First Extraordinary Session of 1996. In that act the legislature proclaimed that summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of an action; the procedure is favored.
Accordingly, the judgment of the trial court is reversed, the motion for summary judgment is granted and plaintiff’s suit against relator is dismissed at their costs.

REVERSED AND RENDERED.